IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MCOM IP, LLC, | ) |
|     Plaintiff, | ) ) ) ) Civil Action File No. |
| v. | ) 3:23-CV-975-BJD-LLL ) |
| EVERBANK, N.A., (F/K/A TIAA BANK) | ) ORAL ARGUMENT ) REQUESTED ) |
|     Defendant. | |

**DEFENDANT EVERBANK, N.A.'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS AMENDED COMPLAINT**

Defendant EverBank, N.A. ("EverBank" or "Defendant") files this Motion to Dismiss Plaintiff mCom IP, LLC's ("MCOM" or "Plaintiff") Amended Complaint for Patent Infringement under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because MCOM fails to plausibly allege infringement of U.S. Patent No. 8,862,508 ("the '508 Patent") and claim 17 is invalid as a matter of law.

### I. PROCEDURAL POSTURE

EverBank filed its Motion to Dismiss (Doc. 14, attached as Exhibit A) on October 4, 2023. On November 1, 2023, MCOM filed both a response to the Motion to Dismiss (Doc. 19) and an Amended Complaint (Doc. 20). The only change to MCOM's Amended Complaint relative to its initial filing was the substitution of claim 8 for claim 7, the latter of which was invalidated by the Patent Trial and Appeal Board ("PTAB"). *Unified Patents, LLC v. MCOM IP, LLC,* IPR2022-00055, Paper 30 at 38-40 (PTAB Feb. 8, 2023) (Doc. 14-1). Consequently, the arguments advanced in

EverBank's original Motion to Dismiss, excepting those directed to the invalidity of Claim 7, remain applicable to MCOM's Amended Complaint. <u>EverBank consequently incorporates its original Motion to Dismiss as if fully set forth herein.</u>

**II. MCOM's infringement claim relating to claim 8, like claims 2 and 4 of the '508 patent, relies entirely upon conclusory allegations devoid of factual support.**

MCOM's Amended Complaint includes a claim chart applying only the elements of claims 13 and 17 of the '508 patent. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). MCOM's Amended Complaint does not even recite the elements of claims 2 or 4 (or claim 8, as addressed *infra*). (*See generally* Doc. 14). Dependent claim 8, which depends upon invalidated independent claim 7, adds only the limitation "the method of claim 7, wherein said stored transactional usage data is stored in association with a customer profile." (Doc. 20-1 at 12). The elements of claim 7, *all* of which must be practiced by EverBank if MCOM is properly to allege infringement of claim 8, are lengthy:

> A method for constructing a unified electronic banking environment, said method comprising the steps of:
> providing a common multi-channel server coupled to one or more e-banking touch points and also coupled to one or more computer systems, wherein each computer system is associated with a financial institution, said e-banking touch points being provided in locations remote from the other, and each of which comprise one or more of an automatic teller/transaction machine (ATM), a self-service coin counter (SSCC), a

>kiosk, a digital signage display, an online accessible banking website, a personal digital assistant (PDA), a personal computer (PC), a laptop, a wireless device, or a combination of two or more thereof, and wherein at least one of said e-banking touch points is in communication with one or more financial institutions through said multi-channel server;
>receiving an actionable input from at least one e-banking touch point;
>retrieving previously stored data associated with said actionable input, wherein said previously stored data is accessible to any one of said e-banking touch points, and said previously stored data comprises data from one or more financial institutions and one or more user-defined preferences;
>delivering said retrieved data to said at least one e-banking touch point transmitting said actionable input;
>storing transactional usage data associated with said at least one e-banking touch point transmitting said actionable input, wherein said stored transactional usage data is accessible by any one of said e-banking touch points and said one or more computer systems;
>monitoring via said server said active session in real-time for selection of targeted marketing content correlated to said user-defined preferences;
>subsequent to said monitoring, selecting in real-time said targeted marketing content correlated to said user-defined preferences; and
>transmitting in real-time said targeted marketing content during said active session to at least one of said e-banking touch points for acceptance, rejection, or no response by a user, wherein said response by said user is used during said active session to determine whether transmission of additional information related to said marketing content occurs during said active session.

(Doc. 20-1 at 12). Despite the numerous limitations of claim 8, at no point in its Amended Complaint does MCOM allege how EverBank "constructed" an alleged "unified banking environment" by, for example, "retrieving previously stored data associated with" "an actionable input from [a] banking touch point" "wherein said previously stored data is accessible to any one of said e-banking touch points." Again, the only claim chart provided by MCOM in its Amended Complaint pertains to invalidated claim 13 and claim 17, which depends upon claim 13. (Doc. 20-2). "Previously stored data associated with [an] actionable input" is referenced in neither

3

claim 17 nor independent claim 13 from which the former depends, and the Amended Complaint is silent as to how EverBank's website retrieves stored data associated with actionable inputs, what data this might be, or what an associated actionable input is. (*See generally* Doc. 14). An infringement claim may not be sustained by merely listing a claim without pleading facts that support infringement of each element of that claim, whether it be for patent infringement or any cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a result, MCOM's infringement claim, inasmuch as it relates to claim 8, is due to be dismissed for failure to allege infringement for failure to state a claim.

**III. EverBank anticipates MCOM will respond to its Motion to Dismiss the Amended Complaint in a manner similar to MCOM's filed Response to Everbank's Motion to Dismiss the Original Complaint, which fails to address most of the initial Motion to Dismiss incorporated herein.**

**A. MCOM (again) fails to allege facts supporting infringement of claims 2 and 14.**

MCOM's response to EverBank's assertion that its Complaint (and now Amended Complaint) states only, "mCom's complaint plausibly alleges infringement of claims 2 and 14 off the '508 patent," before a recitation of mCom's claim chart for claims 13 and 17. (Doc. 19 at 5). This conclusory statement, accompanied by an Amended Complaint that *again* fails to allege underlying facts supporting MCOM's allegation that EverBank infringes claims 2 and 4, does nothing to address or remedy

4

the deficiencies of the Amended Complaint, which contains no factual allegations pertaining to these claims. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bot M8 LLC*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Ashcroft*, 556 U.S. 662 at 679. Again, MCOM provides no factual allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. ). As a result, MCOM's infringement claim, inasmuch as it relates to claims 2 and 14, is due to be dismissed for failure to allege infringement for failure to state a claim.

**B. MCOM responds that it has placed EverBank on notice for how it infringes Claims 13 and 17, but still does not articulate how its infringement claim satisfies the *Iqbal/Twombly* standard.**

MCOM argues that its claim chart places EverBank on notice of the preamble and seven elements of claims 13 and 17. (Doc. 19 at 5-11). EverBank has never argued that it is not on notice of how MCOM alleges it infringes claims 13 and 17; in fact, the word "notice" does not appear in the filing. (*See generally,* Doc. 14 at §IV). The *Twombly/Iqbal* standard that MCOM fails to satisfy does not pertain to notice, but rather "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). It is well established that pleading requirements of notice and facial plausibility are distinct legal concepts. *Compare id. with* Fed. R. Civ. P. 8; *see also Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 561 (2007) ("Justice Black's opinion for the Court in *Conley v. Gibson* spoke **not only** of the need for fair notice of the grounds for entitlement to relief but of the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). As such, MCOM's notice argument fails to address the facial plausibility issues set forth in this Motion to Dismiss. (*See generally*, Exhibit A).

**C. Claim 17 may be invalidated by the Court on obviousness grounds because PTAB's ruling invalidating claim 13 as obvious supplies the necessary factual predicate to invalidate redundant claim 17.**

EverBank concedes that ordinarily, the question of whether a patent claim is obvious is properly resolved under factual inquiry. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). In this case however, the determinations of all pertinent facts have already been established by PTAB as a matter of law, which invalidated independent claim 13 as obvious. The sole limitation of claim 17 is contained within and is indistinguishable from, invalidated claim 13.

Claim 17 merely states, "the system of claim 13, wherein said system **provides said one or more financial institutions with** a common point of **control of functionality** provided by said system." Claim 17 is identical to claim 13 with only the nominal "limitation" of the designation of a *bank* as administrator of (i.e., has control of) the claimed unified electronic *banking* system. It is axiomatic that any entity

6

controlling a "unified banking system," as specified in invalidated claim 13, would be functioning as, and would therefore comprise, a bank. MCOM fails entirely to address EverBank's contention that the limitation of claim 17 is redundant to the one or more of the limitations of claim 13, instead arguing generically that the question of obviousness is one of fact. (Doc. 19 at 11-12). But the Court is free to determine that, as a matter of law, claim 17 is contained within, and is therefore not patentably distinct from, claim 13. If that is the case, then PTAB's obviousness determination would also apply to claim 17.

Regardless, if the Court accepts that obviousness cannot be resolved at the motion to dismiss stage, MCOM fails to articulate why claim construction is necessary to determine whether it has pleaded facts that can support each element of claims 13 and 17 under any reasonable construction.

**D. Claim construction is not necessary when MCOM has (twice) failed to plead facts that could satisfy each element of claims 13 and 17.**

MCOM quotes uncited authority for the principle that "claim construction is generally not appropriate on a motion to dismiss." (Doc. 19 at 11-12). That general rule does not relieve the responsibility of a patentee to satisfy pleading requirements. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020). Nor is the general rule absolute. *See* § 39:37, Case examples granting substantive-based Rule 12(b)(6) motion to dismiss, 6 Annotated Patent Digest § 39:37. A plaintiff alleging direct infringement must plead facts that show the defendant "makes, uses, offers to sell, or sells" a **complete** patented

7

invention. 35 U.S.C. § 271(a). As a result, a literal infringement claim "require[s] a showing that **each and every limitation set forth in a claim** appears in the accused product." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *3 (W.D. Tex. Nov. 28, 2017) (emphasis added); *see also CTD Networks, LLC v. Amazon.com, Inc.*, No. W-22-CV-01034-XR, 2023 WL 5281943, at *5 (W.D. Tex. Aug. 16, 2023).

Neither the Amended Complaint nor MCOM's response reciting each page of its claim chart or its repeated observation that the chart is color-coded supply facts necessary to establish that (1) users of EverBank's website input a set of preferences related to marketing content, (2) the banking system uses those user-defined preferences to send targeted advertisements to the user who may (3) accept, reject, or not respond to the advertisement, or (4) the system uses the user's response (or non-response) to determine whether to send more advertisements to the user. (*See* Doc. 20-1 at claim 13). Rather, MCOM's allegations depend entirely upon its contention that EverBank's uses Internet cookies to deliver targeted marketing. Cookies track Internet browsing history,[1] not "preferences" that have been "input" into EverBank's website by the user. MCOM's claim chart similarly fails to allege that users are given an option to "accept, reject, or not respond"[2] to marketing, or that additional marketing is sent

---

[1] "A cookie is a piece of text that a Web server can store on a user's hard disk. Cookies allow a Web site to store information on a **user's machine** and later retrieve it." Marshall Brain, How Internet Cookies Work, HOWSTUFFWORKS.COM, https://computer.howstuffworks.com/cookie.htm (last visited Oct. 3, 2023) (emphasis added).

[2] Even if the Court accepts an extremely broad definition of the word "accept," such that "accepting" an online advertisement means clicking on it, MCOM does not allege how a user may then "reject" an advertisement in any way

to a user on EverBank's website based on their responses to EverBank advertisements, rather than the user's Internet cookies in general.

Moreover, "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Bot M8 LLC*, 4 F.4th at 1347 (Fed. Cir. 2021). Courts may properly dismiss infringement claims when the alleged infringement is plainly inconsistent with the patent claims, as in this case. In *Ask Sydney, LLC v. Amazon.com Services, LLC*, the Western District of Texas dismissed infringement claims directed to a "computer-implemented image search method filtered by multiple human-machine inputs on images presented to a user of the image search method." The court ruled the patentee failed to plead facts that the computer in the accused system performed a transitioning step as required by the claims, but had instead alleged facts that the human user of the system performed the transitioning step:

> "Alternatively, Amazon argues that the '705 Patent relies on an application, not a user, transitioning between images. . . . The '705 Patent clearly relies on a 'computer-implemented method' in which an underlying application transitions among images. . . . In so doing, Plaintiff directly contradicts Claim 1, which is directed to a 'computer-implemented [ ] method,' and the specification's repeated statements that 'the application causes the transition.'"

2023 WL 5216815, *12–*13 (W.D. Tex. 2023) (*see also ALD Social, LLC v. Apple, Inc.*, 2023 WL 4747374, *7–*8 (N.D. Cal. 2023) ("[A] court may dismiss a complaint prior

---

other than "not respond[ing]" to it. But "rejecting" and "not responding" are distinct user reactions under the clear terms of the patent and may not be conflated.

9

to claim construction if the complaint depends on an implausible claim construction. . . .").

MCOM's allegations are mutually exclusive with the claims of the '508 patent. As indicated in the '508 specification, "[c]ustomer usage data and personalized preferences may be stored by system **100** [the bank's system] and associated with a system-created customer profile. Customer usage data may be stored, for example, at any one of databases **112** interconnected with the multi-channel server **102**." The mechanism MCOM alleges EverBank uses to deliver targeted marketing—cookies—are stored on the **customer's own device, not EverBank's website or servers**.

This demonstrates how the '508 patent plainly did not contemplate the use of Internet cookies as part of its claims and does not, contrary to Plaintiff's assertions, constitute a patent on the use of cookies by financial institutions to deliver targeted marketing. Because MCOM has failed, twice, to plead facts sufficient to satisfy each element of claims 13 and 17 and because the facts it pleads are plainly inconsistent with the '508 patent, its infringement claims are due to be dismissed **with prejudice.**

## IV. CONCLUSION

For the foregoing reasons, EverBank respectfully requests that the Court dismiss MCOM's infringement claims with prejudice, and for **ORAL ARGUMENT** regarding the same.

## Local Rule 3.01(g) Certification

Counsel for Defendant certifies that, pursuant to Middle District of Florida Rule 3.01(g), he has conferred by email with Counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion, but was unable to resolve whether Plaintiff will oppose this motion.  Accordingly, pursuant to Local Rule 3.01(g)(3) the undersigned will try diligently for three days to contact Plaintiff.  Promptly after either contact or the expiration of the three days, the undersigned will supplement this motion with a statement certifying whether the parties have resolved all or part of the motion.

Respectfully submitted this 15th day of November, 2023.

/s/ *Geremy W. Gregory*
Geremy W. Gregory
Florida Bar No. 102645
Email: ggregory@balch.com
David W. Barrett
Florida Bar No. 11051
Email: dbarrett@balch.com
**BALCH & BINGHAM LLP**
One Independent Drive, Suite 1800
Jacksonville, FL 32202
Telephone:  (904) 348-6875

Marcus R. Chatterton
*Admitted Pro Hac Vice*
Email: mchatterton@balch.com
James Dawkins
*Admitted Pro Hac Vice*
USPTO Reg. No. 79,093
Email: jdawkins@balch.com
**BALCH & BINGHAM LLP**
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Telephone:  (205) 251-8100

*Attorneys for Defendant EverBank N.A.*

## CERTIFICATE OF SERVICE

I certify that on the 15th day of November 2023, I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Victoria E. Brieant
LAW OFFICE OF VICTORIA BRIEANT, P.A.
4000 Ponce de Leon Boulevard, Ste 470
Coral Gables, FL 33146
Email: victoria@brieantlaw.com
Telephone: (305) 421-7200
Attorney for Plaintiff mCom IP, LLC

*/s/ Geremy W. Gregory*
*Geremy W. Gregory*